## Commonwealth v. Newport, Licking & Alexandria Turnpike Company.

(Decided November 23, 1911.)

### Appeal from Campbell Circuit Court.

Turnpike Company—Liability of, When Part of Road Is Within City Limits.—If a turnpike company makes a valid contract with a city, by which it surrenders to the city the control of so much of its road as lies within the city limits, the city and not the turnpike company is chargeable with the maintenance of so much of the road. On the other hand, although a part of the road is within the city limits, yet if it is a part of the turnpike road, and the company charges and collects tolls for travel thereon, the turnpike company is liable under the statute for failing to keep it in repair.

JAS. BREATHITT, Attorney General, CHAS. MORRIS for appellant.

OPINION OF THE COURT BY JUDGE CARROLL—Reversing.

The appellee, a toll road turnpike company, was indicted for permitting its road to become unfit for public travel while it was demanding and receiving toll. It appears from the evidence that a part of this toll road is embraced within the corporate limits of the city of Newport, and that the chief defects in the road are on that part of it that is within the city limits. The record shows that when the Commonwealth had concluded its evidence, that the attorney for the turnpike company moved the court to exclude from the jury all of the testimony that related to the condition of the road within the corporate limits of the city of Newport, which motion over the ob-

jection of the attorney for the Commonwealth was sus-tained. Thereupon, the court said:

"Let the record show that the court strikes from the record so much only of the testimony introduced in this case as relates to the condition of the pike between the dates involved as is embraced within the limits of the city of Newport, the city of Newport having under a contract with the turnpike company, under express legislative authority assumed charge and control thereof as part of its public highways."

When the court made this ruling, the attorney for the Commonwealth, evidently believing that he could not make out a case, moved the court to set aside the swearing of the jury and dismiss the indictment, which was done.

We do not find any evidence of any character showing how or when the turnpike company surrendered to the city the control of so much of its road as lies within the city limits, nor is there any evidence showing that the city of Newport through its authorities accepted or took possession or control of any part of this road within its territory. In the absence from the record of evidence showing the circumstances under which the city took control of so much of the road as is within the city limits or that it was done at all, we think the court erred in excluding from the jury the evidence that it did. If the turnpike company and the city entered into a valid contract or agreement, by which the turnpike company surrendered and the city assumed control of so much of the road as lies within the city limits, the city and not the turnpike company is chargeable with the maintenance of so much of the road. On the other hand, although a part of the road is within the city limits, yet if it is a part of the turnpike road and the company charges and collects tolls for travel thereon, the turnpike company would be liable under the statute for failing to keep it in repair. But, in the condition of the record, we think the court erred in making the ruling that influenced the Commonwealth's Attorney to dismiss the prosecution.

Wherefore, the judgment is reversed.