## Commonwealth v. Newport, Licking & Alexandria Turnpike Company.

(Decided January 4, 1912.)

### Appeal from Campbell Circuit Court.

The effect of a contract between a turnpike company and a city cannot be determined in the absence frrom the record of the contract.

WILLIAM A. BURCAMP, JAS. GARNETT, Attorney General and CHAS. H. MORRIS, Assistant Attorney General for appellant.

SAMUEL C. BAILEY for appellee.

EXTENSION AND MODIFICATION OF OPINION BY JUDGE CARROLL.

The opinion rendered herein on November 23, 1911, reported in 145 Ky., 490, is extended and modified as follows:

Under an act of the legislature that became a law on February 12, 1880—Acts of 1879, Vol. 1, page 154—it is provided in section six that:

"Said turnpike company is authorized to contract with the city of Newport in reference to the use, improvement, change of grade, or control of that part of the road of the company lying within the corporate limits of said city, without in any way impairing the right of said company to charge for and collect tolls over the same."

It is said in the brief of counsel for appellee with which we have been favored since the opinion was delivered, that as authorized by this act the appellee company entered into a contract with the City of Newport. But as stated in the opinion, the contract, if one was made, is not in the record; nor does the record disclose the character of contract, if any, that was entered into. In the absence of this contract we cannot determine the rights or liabilities of the turnpike company, and we decline to express any opinion upon what its rights or liabilities may be.

It is also said by counsel for the Commonwealth, in a petition for an extension of the opinion, that as the turnpike company charges and collects toll upon that part of its road that is within the city limits, it is under a duty to keep it in repair, and we are asked to so rule. But we decline to express an opinion upon this subject in the absence from the record of the contract tetween the city and the turnpike company. The act of the legislature referred to by counsel and before quoted does not constitute any contract between the turnpike company and the city. It merely authorizes the making of a contract.

To further remove any doubt as to our purpose not to determine the rights of the parties in the absence of the contract, we withdraw so much of the opinion as reads:

"If the turnpike company and the city entered into a valid contract or agreement, by which the turnpike company surrendered and the city assumed control of so much of the road as lies within the city limits, the city and not the turnpike company is chargeable with the maintenance of so much of the road. On the other hand, although a part of the road is within the city limits, yet if it is a part of the turnpike road and the company charges and collects tolls for travel thereon, the turnpike company would be liable under the statute for failing to keep it in repair."